**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TONY R. HEWITT, ID # 37466-177,** | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:16-CV-603-B-BH |
| | ) | No. 3:08-CR-167-B (02) |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this habeas case was automatically referred for findings, conclusions, and recommendation. Before the Court is the movant's *Motion to Stay 28 U.S.C. § 2255 Proceedings Pending Resolution of Forthcoming Appeal in the Fifth Circuit to Exceed the 25-page Limitation and Discovery of Data Mining Technique*, received on November 3, 2016. (Doc. 21.) Based on the relevant filings and applicable law, the motion to stay should be **DENIED**.

## I.  BACKGROUND

Tony R. Hewitt (Movant) filed a § 2255 motion to vacate that challenged his conviction and sentence in Cause No. 3:08-CR-167-B(02). His motion for discovery of data mining techniques was denied on March 10, 2016. (Docs. 4, 6.) His motion to exceed the page limit for a brief in support of the § 2255 motion was denied on March 23, 2016. (Docs. 9, 10.) His motions for reconsideration of those orders were denied on April 19, 2016. (Docs. 13, 14, 16.) His objections to the order denying the motions for reconsideration were overruled. (Docs. 16, 17, 19.)

## II.  STAY

Movant now seeks a stay pending an appeal to the United States Court of Appeals for the Fifth Circuit regarding discovery and the page limitation for the brief. (Doc. 21.)

When a party seeks a discretionary stay pending an interlocutory appeal, the court considers (1) whether the applicant for a stay has made a strong showing that he is likely to succeed on the

merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) whether public interest favors a stay. *See Weingarten Realty Investors v. Miller,* 661 F.3d 904, 910 (5th Cir. 2011).

Here, Movant has not filed a notice of appeal to the Fifth Circuit, so there is no basis for a stay. Moreover, he has not made a strong showing that he is likely to succeed on the merits. A circuit court of appeals generally lacks jurisdiction over an interlocutory appeal of a discovery order because such an order is nonfinal and not immediately appealable. *Zapata v. Melson*, 750 F.3d 481, 484 (5th Cir. 2014). Movant has not identified any exception to that general rule that would be applicable to his intended interlocutory appeal. The order overruling his objection to the order denying reconsideration of the order requiring him to comply with the rules regarding page limits for a brief is not a final order or an order pertaining to an injunction that would be appealable under 28 U.S.C. § 1292. Because an interlocutory appeal would not be available, he is not entitled to a stay, and there is no need to consider the other factors regarding a stay.

### III.  RECOMMENDATION

Movant's motion to stay should be **DENIED**.

**SIGNED this 7th day of November, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE