**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| TONY R. HEWITT, ID # 37466-177, | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:16-CV-603-B-BH |
| | ) | No. 3:08-CR-167-B (02) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

## ORDER

Pursuant to *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation. Before the Court is the *Motion to Proceed on Appeal In Forma Pauperis and/or Request for Certification of Question's under 28 U.S.C. § 1292(b)*, received on December 6, 2016. (Doc. 28.) Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

Tony R. Hewitt (Movant) filed a § 2255 motion to vacate that challenged his conviction and sentence in Cause No. 3:08-CR-167-B(02). His motion for discovery of data mining techniques was denied on March 10, 2016. (Docs. 4, 6.) His motion to exceed the page limit for a brief in support of the § 2255 motion was denied on March 23, 2016. (Docs. 9, 10.) His motions for reconsideration of those orders were denied on April 19, 2016, and his objections to the order denying the motions for reconsideration were overruled. (Docs. 13, 14, 16, 17, 19.) His motion to stay, pending an appeal to the United States Court of Appeals for the Fifth Circuit regarding discovery and the page limitation for the brief, was denied. (Docs. 21, 22, 26.) Movant filed a notice of interlocutory appeal and a motion to proceed *in forma pauperis* on appeal. (Docs. 23, 24.) It has been recommended that the motion to proceed *in forma pauperis* on appeal be denied. (Doc. 25.)

### II.  *IN FORMA PAUPERIS* ON APPEAL

The request for leave to proceed *in forma pauperis* on appeal should be denied because the Court should certify pursuant to Fed. R. App. P. 24(a)(3) and 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith and that the appeal presents no legal points of arguable merit and is therefore frivolous.

### III.  REQUEST FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)

A district court has discretion to certify an order for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011) (§ 1292(b) "gives a district judge discretion to certify an order" for an interlocutory appeal). Section 1292(b) only provides for interlocutory appeals in exceptional cases. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). "[F]act-review questions [are] inappropriate for § 1292(b) review." *Clark-Dietz and Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

The orders denying Movant's motion for discovery and motion to exceed the page limitation, and the orders denying reconsideration of those orders, do not involve controlling questions of law as to which there is substantial ground for difference of opinion. The request for a § 1292(b) certification should be denied.

### III.  RECOMMENDATION

Movant's motion to proceed *in forma pauperis on appeal* and for § 1292(b) certification should be **DENIED**.

**SIGNED this 12th day of December, 2016.**

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE